BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswplaw.com
ROBERT G. RETANA (Bar No. 148677)
  rretana@pswplaw.com
AARON M. SHEANIN (Bar No. 214472)
  asheanin@pswplaw.com
WILLIAM J. NEWSOM (Bar No. 267643)
  wnewsom@pswplaw.com
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone:    (415) 433-9000
Facsimile:    (415) 433-9008

STEVEN T. GUBNER (Bar No. 156593)
  sgubner@ebg-law.com
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9090

[Additional counsel listed on signature page]

*Attorneys for Plaintiff ALFRED H. SIEGEL, in his capacity as Liquidating Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Kevin Young; Bradley Seldin; and Bruce Sterman<br><br>Plaintiffs,<br><br>vs.<br><br>LG CHEM, LTD.; LG CHEM AMERICA, INC.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; SANYO ELECTRIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; SONY CORPORATION; SONY ENERGY DEVICES CORPORATION; SONY ELECTRONICS, INC.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; HITACHI, LTD.; HITACHI MAXELL, LTD.; AND MAXELL CORPORATION OF AMERICA<br><br>Defendants. | CASE NO. CV 12-5129-YGR<br><br>Related Case No. CV 12-5678 - LB<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |

Pursuant to Civil L.R. 3-12, Plaintiff Alfred H. Siegel, in his capacity as liquidating trustee of the Circuit City Stores, Inc. Liquidating Trust, in *Siegel v. LG Chem Ltd., et al.*, Case No. CV 12-5678, filed November 5, 2012 ("*Circuit City*") and currently assigned to Magistrate Judge Laurel Beeler, hereby submits this Administrative Motion to Consider Whether Cases Should be Related.  Plaintiff requests that the *Circuit City* action be designated as related to the actions captioned:

1)  *Young v. LG Chem, Ltd., et al.*, Case No. CV 12-5129-YGR filed October 3, 2012 ("*Young*"), and currently assigned to this Court.

2)  *Hanlon v. LG Chem, Ltd., et al.*, Case No. CV 12-5159-YGR filed October 4, 2012 ("*Hanlon*"), and currently assigned to this Court.

3)  *Carte v. Samsung SDI Co., Ltd., et al.*, Case No. CV 12-5268-YGR filed October 11, 2012 ("*Carte*"), and currently assigned to this Court.

4)  *Gray v. Samsung SDI Co., Ltd., et al.*, Case No. CV 12-5274-YGR filed October 11, 2012 ("*Gray*"), and currently assigned to this Court.

5)  *Nelson v. Samsung SDI Co., Ltd., et al.*, Case No. CV 12-5516-LB filed October 25, 2012 ("*Nelson*"), and currently assigned Magistrate Judge Laurel Beeler.

6)  *O'Neil v. Hitachi, Ltd., et al.*, Case No. CV 12-5532-KAW filed October 26, 2012 ("*O'Neil*"), and currently assigned to Magistrate Judge Kandis A. Westmore.

Copies of the *Young, Hanlon, Carte, Gray, Nelson, O'Neil*, and *Circuit City* complaints are attached as Exhibits A, B, C, D, E, F, G, and H, respectively, to the accompanying declaration of Robert G. Retana, filed herewith.

Civil L.R. 3-12(a) defines "related cases" as cases in which:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

The *Young, Hanlon, Carte, Gray, Nelson, O'Neil*, and *Circuit City* cases meet the criteria set forth in Civil L.R. 3-12(a).  All are putative nationwide class actions brought on behalf of

| ADMINISTRATIVE MOTION TO RELATE CASES | Case No. CV 12-5159-YGR Related Case No. CV 12-5678-LB |
|---|---|

proposed classes of purchasers, either direct or indirect, of Lithium-ion Rechargeable Batteries, based on alleged collusion and price-fixing activities amongst defendants

The first prong of 3-12(a) is met because the named defendants, transactions, property, and events involved are all substantially the same. All actions allege similar misconduct and injury, either to direct or indirect purchasers, and differ only in named plaintiffs and a single named defendant, Hitachi Maxell Energy, Ltd., named as a defendant only in the *Circuit City* case. Nonetheless, relating these cases is appropriate, even if there is not a perfect overlap of parties. *See Fin. Fusion, Inc. v. Ablaise Ltd.,* 2006 WL 3734292 at *3 (N.D. Cal. Dec. 18, 2006) (holding cases were related even though different plaintiffs were involved, because both plaintiffs were vendors providing contractual services to the same accused infringer); *Smith v. Sperling*, 2011 WL 4101508 at *3 (D. Ariz. Sept. 14, 2011) (holding that related case local rule provision requiring "substantially the same parties" did not require that "the parties to be identical in identity, number and position").

The actions concern similar questions with respect to liability and class certification, and call for determination of identical or substantially similar questions of law and fact. Namely, the proposed related cases plead causes of actions for violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and/or causes of action under state antitrust laws where plaintiffs are alleged indirect purchasers. The central issue in each case is whether the Defendants colluded to fix, raise, maintain, or stabilize prices in the Lithium-ion rechargeable batteries market. Accordingly, the related actions will involve overlapping witnesses, experts, and discovery. The second prong of Rule 3-12(a) is therefore met because there will be an "unduly burdensome duplication of labor and expense," if the cases are conducted before different Judges. Treating the cases as related also will avoid conflicting results arising out of the same set of allegations, and will promote the just and efficient conduct of the actions.

For the foregoing reasons, Plaintiff requests that the Court designate the *Circuit City* action as related to the *Young, Hanlon, Carte, Gray, Nelson, and O'Neil* actions.

DATED: November 6, 2012                    Respectfully Submitted,

*(signature)*

Robert G. Retana
Bruce L. Simon (Bar No. 96241)
Robert G. Retana (Bar No. 148677)
Aaron M. Sheanin (Bar No. 214472)
William J. Newsom (Bar No. 267643)
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswplaw.com
rretana@pswplaw.com
asheanin@pswplaw.com
wnewsom@pswplaw.com

Clifford H. Pearson (Bar No. 108523)
Daniel L. Warshaw (Bar No. 185365)
Alexander R. Safyan (Bar No. 277856)
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788 8300
Facsimile:  (818) 788 8104
cpearson@pswplaw.com
dwarshaw@pswplaw.com
asafyan@pswplaw.com

Steven T. Gubner (Bar No. 156593)
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-909
sgubner@ebg-law.com

*Attorneys for Plaintiff Alfred H. Siegel in his capacity as liquidating trustee of the Circuit City Stores, Inc. Liquidating Trust, and the Class*