# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**LITHIUM ION BATTERIES ANTITRUST LITIGATION** | **MDL No.: 2420**<br><br>**ORDER SETTING INITIAL CONFERENCE**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** |

*Preamble.* The Court wishes to express clearly its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. The Manual for Complex Litigation, Fourth at section 10.21 captures the spirit in these terms:

> The added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court.

Because of the high level of competence and experience that attorneys ordinarily bring to this type of litigation, the Court is confident that this objective will be achieved without judicial intervention.

The Court **HEREBY ORDERS**:

*1.    Initial Conference*. All parties shall appear for a conference with the undersigned on **April 3, 2013** at **2:00 p.m.** in Courtroom 5, United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California.

   *a.    Attendance*. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A

party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    *b.*    *Other Participants*.  Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

**2.**    ***Purposes and Agenda.***  The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). More particularly, for this initial conference, a tentative agenda is appended as Attachment A. The Court anticipates additional conferences will be required to address additional issues such as those appended as Attachment B.  However, the Court will entertain counsel's requests to address other items not specifically on Attachment A.  Any such requests must be filed by March 28, 2013.

**3.**    ***Preparations for Conference.***

    *a.*    *Procedures for Complex Litigation*.  Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

    *b.*    *Initial Conference of Counsel*.  Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

    *c.*    *Joint Preliminary Statement*.  Counsel shall submit to the Court by March 28, 2013, a preliminary statement.  The parties shall be limited to one such submission for each of the following three groups: (i) all direct purchaser plaintiffs, (ii) all indirect purchaser plaintiffs, and (iii) defendants.  The statement shall include:

        i.    Each group's preliminary understanding of the facts involved in the litigation and the critical factual and legal issues;

          ii.   A list of all pending motions;

          iii.   A list of all related cases pending in state or federal court and their current status, to the extent known; and

          iv.   A proposed schedule.

    *d.*   *List of Affiliated Companies and Counsel*.  To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by March 28, 2013, a list of all companies affiliated with the parties and all counsel associated in the litigation.

**4.**   ***Interim Measures***.  Until otherwise ordered by the court:

    *a.*   *Admission of Counsel*.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.

    *b.*   *Pleadings*.  Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the initial conference.

    *c.*   *Pending and New Discovery*.  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

    *d.*   *Preservation of Records*.  All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports,

memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.

  *e.* <u>*Motions*</u>.  No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

  *f.* <u>*Orders of Transferor Courts*</u>.  All orders by transferor courts imposing dates for pleading or discovery are vacated.

 **5.** ***Later Filed Cases***.  This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

 **6.** ***Lead and Liaison Counsel Appointments***.

  *a.* <u>*Liaison Counsel*</u>.  Prior to the initial conference, and to the extent they have not already done so, counsel shall confer and seek consensus on the selection of a candidate for the position of liaison counsel who will be charged with essentially administrative matters.  The parties shall provide a proposed order regarding appointment of same.  Appointment of liaison counsel shall be subject to the approval of the Court.  If parties cannot among themselves agree

to the appointment of the liaison counsel, the Court will address the matter at the initial conference. At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

   b. *Plaintiffs' Steering Committee*. The Court intends to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee. Prior to the initial conference, counsel for the plaintiffs, to the extent they have not already done so, shall confer and seek consensus on membership on the PSC and parties shall provide a proposed order regarding appointment of same. Appointment to the PSC shall be subject to the approval of the Court.

   The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. The Court will only consider attorneys who have filed a civil action in this litigation. If parties cannot among themselves agree to the membership of the PSC, the Court will address the matter at the initial conference. At the initial conference PSC and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

  **IT IS SO ORDERED**.

**Date: March 4, 2013**

                 **YVONNE GONZALEZ ROGERS**
                 **UNITED STATES DISTRICT COURT JUDGE**